UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MONTREL J. OLIVER,

    Movant,

                                                 Case No. 1:16-CV-694

v.                                                  (Criminal Case No. 1:06:CR:7)

UNITED STATES OF AMERICA,           HON. GORDON J. QUIST

    Respondent.

_____/

**MEMORANDUM OPINION**

Movant, Montrel J. Oliver, has filed a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, arguing that he is entitled to relief pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), is unconstitutionally vague. The Supreme Court has held that *Johnson* announced a new substantive rule that is retroactively applicable to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016). Oliver was not sentenced as a career offender under the ACCA. Instead, he was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines.

Although § 4B1.2(a)(2) of the Sentencing Guidelines contains a residual clause that is identical to the ACCA's residual clause, the Supreme Court has not yet said whether the reasoning in *Johnson* extends to the residual clause under § 4B1.2(a)(2). However, the Supreme Court is set to decide in its upcoming term whether the Sentencing Guidelines are subject to the same due process challenge upheld in *Johnson* and, if so, whether such is a new rule that is afforded

retroactive application. *See Beckles v. United States*, No. 15-8544, __ U.S. __, __ S. Ct. __, 2016 WL 1029080 (U.S. June 27, 2016). The Sixth Circuit has held that the reasoning in *Johnson* extends to the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines, *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), but recently it concluded that, in light of the unanswered questions that *Johnson* raises with regard to the Sentencing Guidelines—particularly whether *Johnson*, if applied to the Sentencing Guidelines, would constitute a new substantive rule that applies retroactively—district courts should hold *Johnson*-related § 2255 motions in abeyance pending the Supreme Court's decision in *Beckles*. *In re Embry* __ F.3d __, 2016 WL 4056056, at *4–5 (6th Cir. July 29, 2016).

Pursuant to the Court's July 14, 2016 Order for a response, the Government states that, regardless of the pending issues to be considered in *Beckles*, the Court need not stay the case because Oliver was not found to be a career offender under the residual clause of § 4B1.2(a)(2). Instead, the Government notes, Oliver was sentenced as a career offender based on two prior convictions for felony drug trafficking offenses. Having reviewed Oliver's Presentence Investigation Report (PSR), the Court confirms that Oliver was in fact found to be a career offender based not on the residual clause, but instead because he had two previous felony drug trafficking convictions. (*See* PSR, ¶ 37.) Therefore, Oliver plainly is not entitled to relief under *Johnson*, regardless of the potential outcome in *Beckles*.

Having concluded that Oliver is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Because the Court concludes that Oliver's motion lacks merit, it likewise concludes that a certificate of appealability should not issue because no reasonable jurist would find the Court's conclusion debatable or wrong. Therefore, the Court will deny Oliver a certificate of appealability.

For the foregoing reasons, the Court will dismiss Oliver's § 2255 Motion and deny Oliver a certificate of appealability.

A separate order will enter.


Dated: August 10, 2016              /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE